

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Southern Division*

---

*Daniel C. Gardner*  
*Assistant United States Attorney*  
*Daniel.gardner@usdoj.gov*

*Mailing Address:*  
*36 S. Charles Street, 4th floor*  
*Baltimore, MD 21201*

*Office Location:*  
*36 S. Charles Street*  
*Baltimore, MD 21201*

*DIRECT: 410-209-4815*  
*MAIN: 410-209-4800*

April 30, 2018

Honorable Catherine C. Blake
United States District Court for the District of Maryland
101 West Lombard Street Baltimore,
MD 21201

       Re:   <u>United States of America v. Montana Barronette et al</u>
               Criminal No. CCB-16-597

Dear Judge Blake:

      Pursuant to the Court's Order on April 25, 2018, the government is filing this letter to outline its presentation of evidence during the scheduled motions' hearing on May 4, 2018. The government anticipates presenting evidence in support of our response in opposition for the following motions:

      1. Defendant Sivells filed motions to suppress evidence obtained during several warrantless seizures and searches. Because these searches involved multiple defendants, the government presumes that defense counsel has moved to adopt the motion of defendant Sivells.

           a. For the warrantless arrest and subsequent search of Sivells on August 9, 2010, the government will call a Baltimore City Police Department ("BPD") officer who was present during the surveillance and subsequent arrest of Sivells.

           b. For the warrantless arrest and subsequent search of Sivells and Broughton on August 11, 2015, the government will call Federal Bureau of Investigation ("FBI") Task Force Officer ("TFO") Joseph Landsman, who was present during the surveillance and subsequent arrest.

           c. For the warrantless arrest and subsequent search of Sivells and Tillman on February 22, 2016, the government will call a BPD officer, who was present during the surveillance and subsequent arrest.

1

d. For the warrantless search of 1315 Harlem Avenue on April 8, 2016, the government will call TFO Landsman or TFO Mark Neptune.

2. Defendant Broughton moved to suppress a search warrant for a cellular phone recovered on January 29, 2016. The government anticipates eliciting testimony from TFO Neptune to address the abandonment issue.

3. Defendants Barronette, Harrison, Sivells, Bazemore, Wilson, and Floyd have all moved to suppress statements.

a. Aside from Bazemore, all of the interviews are recorded and the government intends to offer a portion of the video recordings during the testimony of TFO Neptune and TFO Landsman. The government does not intend to offer the entirety of the interviews and will only present three to five minute clips of each interview, which contain the advice of rights and any relevant dialogue immediately before or after the advice of rights.

b. TFO Neptune administered Bazemore's advice of rights and will testify as such.

4. Defendants Sivells, Tillman, and Harrison moved to suppress out-of-court identifications. Although one of the witnesses was killed after the out-of-court identification was made, the government has significant safety concerns for other witnesses in this case. The government has not disclosed the identity of the cooperating witnesses that made the identifications. As a result, the government would prefer to delay addressing these motions until after the government has made Jencks disclosures shortly before trial. Alternatively, the government can present some evidence of the procedures used during the identification process through TFO Neptune without identifying the witnesses involved.

The government anticipates that the following motions will not require the presentation of any evidence and are for argument only:

1. Defendant Sivells has moved to suppress several search warrants and multiple defendants have moved to suppress the various wiretap authorizations obtained in this case. The government has provided the Court with copies of those warrants, applications, and affidavits and do not believe any additional testimony is required.

2. Defendants Barronette and Harrison have moved to dismiss Counts One and Two of the Superseding Indictment and the government presumes that all defendants have adopted those motions. Multiple defendants have also moved for a bill of particulars. Other than the Superseding Indictment, the government does not believe any other evidence is required to address these motions.

3. Multiple defendants have raised joinder issues and moved for severance. The government does not intend to present evidence on these motions.

4. Multiple defendants have also requested that the government make disclosures in accordance with Fed. R. Evid. 404(b) and 609. While the government may file motions in limine closer to trial to address any potential 404(b) and/or 609 issues, the government does not intend to present evidence during the May 4, 2018 motions' hearing.

5. Defendant Harrison has moved to exclude testimony from cooperating witnesses and limit testimony of co-conspirators statements. The government does not intend to present evidence on these motions.

6. Finally, several defendants have filed motions to address administrative issues, such as motions for leave to file additional motions and motions to set a discovery deadline. Again, this can be resolved without the presentation of evidence.

       Very truly yours,

       Robert K. Hur
       United States Attorney
       District of Maryland

By: /s/
       Daniel C. Gardner
       Christopher Romano
       Assistant United States Attorneys