IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. GLR 16-597 |
| BRANDON BAZEMORE | * | |
| Defendant | * | |

\* \* \*

**ORDER**

Pending before the Court is defendant Brandon Bazemore's *pro se* Motion for Compassionate Release pursuant to 18 U.S.C.§3582(c). ECF No. 766. The motion is fully briefed and no hearing is necessary. *See* Local Rules 105.6, 207(D. Md. 2021). For the reasons set forth below the motion will be denied.

On September 10, 2018, the Defendant plead guilty to one count of conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. §1962(d) and one count of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. §846. ECF No. 368. The stipulated facts during the guilty plea reveal that the Defendant was a part of a violent criminal organization responsible for distributing multiple kilograms of narcotics as well as committing acts of violence through the use of firearms including murder. Both the Defendant and the Government agreed pursuant Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that a sentence of 300 months incarceration was reasonable but not greater than necessary to comply with the purposes set out in 18 U.S.C. §3553(a) as well as the advisory guidelines. ECF No. 368-6.

On November 13, 2018, the Defendant was sentenced to 300 months in prison consistent with the plea agreement but far below the advisory sentencing guidelines of life imprisonment.

See ECF No. 506 and 507. On December 7, 2021, the Defendant filed the present motion.

Motions for compassionate relief are governed by 18 U.S.C.§3582(c)(1)(A). Under this section, a District Court may modify a sentence imposed after a conviction when "extraordinary and compelling reasons warrant such a reduction" and the Court has considered the sentencing factors set forth in section §3353(a) to the extent that they are applicable.  A defendant may move for compassionate release only after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after a lapse of thirty (30) days from receipt of such a request by the Warden of the defendant's facility, whichever is earlier. See 18 U.S.C.§3582(c)(1)(A).

In the present case the Defendant has satisfied the administrative exhaustion requirements. The Court therefore must determine (1) whether the Defendant has established the existence of "extraordinary and compelling reasons" for the sentence reduction under the applicable statue and (2) if so, whether granting compassionate release is consistent with the factors set forth in 18 U.S.C.§3553(a).

Turning first to extraordinary and compelling reasons, the United States Sentencing Commission, pursuant to its mandate under 28 U.S.C.§994, has stated that such reasons exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served 10 years or 75 percent of their term of imprisonment; (3) certain family circumstances arise in which the defendant must serve as caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction.  See U.S.S.G. §1B1.13cmt.n.1(A)-D).  Following the passage of the First Step Act

of 2018, Pub.LNo.115-391, 132Stat.5194(2018), which "removed the BOP from [its] gate keeping role," the Court of Appeals for Fourth Circuit has affirmed that "the District Courts are 'empowered to…to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" United States v. McCoy, 981 Fed.3d 271, 274, 284 (4th cir. 2020).

The Defendant's primary argument is that he suffers from serious health conditions that render him susceptible to serious illnesses from COVID-19, including bone cancer, HIV, a heart murmur, a low white blood cell count, and depression. ECF No. 766. The Defendant also raises concerns regarding the prevalence of COVID-19 within the Federal Bureau of Prisons facility where he is housed.

It is noteworthy that the Defendant has failed to attach any medical records supporting his current medical conditions. Medical records attached by the Government refute the Defendant's claims of bone cancer or any mental health issues. Further the medical records reveal that any additional medical conditions are being appropriately treated within the facility. In addition, it is noteworthy that the Defendant's medical records do indeed reveal that he has been fully inoculated from COVID-19. Receipt of this vaccination reduces the Defendant's risk of serious complications in the event he contracts the virus. Further, it is significant that as of the date of the Government's filing there were zero positive cases of COVID-19 among inmates at FCI Hazelton, where the Defendant is housed. As a result, neither the Defendant's medical conditions, treatments thereof or risks within the facility failed to support the Defendant receiving the relief he requests. In addition, although the Defendant asserts he is engaged in programming and is employed as well as receiving zero institutional infractions he has failed to put forth corroborated support of these assertions.

Even assuming the Defendant had engaged in rehabilitative programming while incarcerated, when considering the 18 U.S.C.§3553(a) factors he is not entitled to compassionate release or a reduction of sentence. As indicated above the nature and circumstance to the offense are very serious. Not only was the Defendant involved in significant distributions of narcotics, but the facts supporting his guilty plea reveal he committed a murder and participated in shootings as part of his membership in the criminal organization. The crimes are heinous and senseless and for this reason alone the Defendant presents a danger to the public.

Considering the Defendant's history and characteristics, he has a history of convictions for handgun possession and violence. Previous sentences imposed for his criminal convictions have not deterred him from engaging in criminal conduct including the escalation of such conduct in this present case. There is a need to deter this Defendant and others like this defendant from engaging in this kind of criminal activity and the sentence avoids unwarranted sentencing disparities among similarly situated individuals. For these reasons, after considering the relevant factors contained in 18 U.S.C.§3553(a) the Court declines to grant the relief the Defendant request.

SO ORDERED this 5th day of April 2023.

_____/s/_____
George L. Russell, III
United States District Judge